UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stephanie T.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-3973

Judge Michael H. Watson

Magistrate Judge Gentry

### OPINION AND ORDER

Plaintiff applied for disability insurance benefits but was denied initially and on reconsideration. ECF No. 7-3 at PAGEID # 95–111. Plaintiff attended a hearing before an Administrative Law Judge ("ALJ"), who issued a decision finding Plaintiff not disabled. ECF No. 7-2 at PAGEID # 37–48. The Appeals Council declined to review that decision, *id.* at PAGEID # 23, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff then filed suit in this Court. ECF No. 1. The Magistrate Judge reviewed the case and issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 14. Plaintiff objects. ECF No. 15.

## I.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II.  ANALYSIS

Plaintiff objects to the ALJ's residual functional capacity ("RFC") analysis, limiting Plaintiff to superficial[1] interaction with co-workers and the general public but (without explanation) not limiting Plaintiff to superficial interaction with supervisors. Obj. 3–4, ECF No. 15. Specifically, Plaintiff argues the failure to include (or explain the lack of) a limitation to superficial interaction with supervisors was not harmless because the ALJ failed to include supervisors in his hypothetical question to the vocational expert about superficial interactions. *Id.*

On *de novo* review, the objection is **OVERRULED**. At bottom, the issue is not whether the ALJ's hypothetical question to the vocational examiner on this issue rendered any error in the decision harmless. The issue is whether the ALJ erred in limiting Plaintiff to superficial interactions with co-workers and the general public but not supervisors. On this score, the objection fails to acknowledge the R&R's explanation that "no medical source opined that Plaintiff

---

[1] Plaintiff does not object to the R&R's recommendation that the ALJ's error concerning *occasional* interaction with supervisors was harmless. *See* Obj. 3, ECF No. 15 ("While that may be the case, . . . ."). She has therefore forfeited the right to *de novo* review on that issue and the right to appeal the Court's adoption of the R&R on that issue.

is limited to superficial supervisory interactions" and, therefore, "the ALJ was not required to include such a limitation in the RFC, or to explain why he did not include it." R&R 24, ECF No. 14.

The Court further agrees substantial evidence supported the omission of a limitation to superficial interaction with supervisors. *E.g.*, ECF No. 7-2 at PAGEID # 41 (noting Plaintiff denied difficulties getting along with "those in authority" or "having ever lost a job due to interpersonal conflicts," was consistently described in "pro-social" terms, and was reported "as exhibiting good insight and judgment" and "with intact impulse control.").

## III.  CONCLUSION

Plaintiff's objection and Statement of Specific Errors are both **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for the Commissioner and close this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT